UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RICHARD F., Claimant, <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security, <br><br> Defendant. | Case No. 23-cv-1148-JES |

## ORDER AND OPINION

This matter is now before the Court on a Report and Recommendation ("R&R") from Magistrate Judge Hawley recommending the Defendant Commissioner's decision to deny Plaintiff Richard F.'s application for disability insurance benefits and supplemental security income be affirmed. Doc. 15. For the reasons set forth below, Plaintiff's (Doc. 16) Objection to Magistrate Judge Hawley's R&R is SUSTAINED and Plaintiff's Opening Brief (Doc. 9) requesting this Court to reverse and remand the decision of the Commissioner is GRANTED.

### I.   BACKGROUND[1]

Plaintiff timely filed this suit, seeking judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. On September 11, 2023, Plaintiff filed an Opening Brief arguing the ALJ committed reversible error at Step Four by 1) failing to properly consider the opinions of his medical care providers in accordance with the Treating Physician Rule, 2) dismissing the specialized opinions of two examining medical professionals, 3) incorrectly assessing his Residual Function Capacity, and 4)

---

[1] The Court adopts and incorporates by reference Magistrate Judge Hawley's full and thorough discussion of the relevant procedural history, the facts underlying this action, and the Administrative Law Judge's decision. Therefore, the Court does need not to rehash these aspects of the case's background.

1

erring as to the credibility assessment. Doc. 9. The Commissioner filed a Response Brief on November 6, 2023, Doc. 13, and Plaintiff filed a Reply Brief on November 20, 2023. Doc. 14. The matter was referred to Magistrate Judge Hawley for a recommended disposition, and he entered an R&R on June 11, 2024, stating that the Commissioner's decision to deny Plaintiff's application for supplemental security income should be affirmed. Doc. 15. Plaintiff filed a timely objection on June 25, 2024, arguing that Magistrate Judge Hawley erred in analyzing the issues raised in his Opening Brief. Doc. 16. The Commissioner responded to Plaintiff's Objection. Doc. 17.

## II.　LEGAL STANDARD

When a matter dispositive of a party's claim or defense is referred to a magistrate judge, the magistrate judge will "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b). A party may file written objections to the R&R within fourteen days of its service. *Id.* The district judge will then "determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* De novo review "requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). Any unobjected portions of the R&R will be reviewed for clear error only. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In contrast, the district court's review of the ALJ's factual findings is deferential. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). When reviewing an ALJ 's decision to deny benefits, the court will uphold the ALJ's decision as long as the ALJ applied the correct legal standard, and substantial evidence supports the decision. *See Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citing 42 U.S.C. § 405(g)). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castile v. Astrue*,

617 F.3d 923 923, 926 (7th Cir. 2010) (internal quotations omitted). "When reviewing for substantial evidence, [the Court] do[es] not displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations." *Id.* When reviewing the ALJ's decision the Court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner" but must nevertheless "conduct a critical review of the evidence." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011). The ALJ "is not required to provide a complete and written evaluation of every written piece of testimony and evidence," but he "must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (internal quotations omitted). If reasonable minds could differ as to whether the plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012).

### III.   DISCUSSION

As noted above, Plaintiff provides several reasons for this Court to reverse and remand the Commissioner's decision. The very first argument raised by Plaintiff as a ground for reversal concerns whether the ALJ improperly declined to afford controlling weight to Dr. Travis Swink's opinion under the Treating Physician Rule, given that Dr. Swink was Plaintiff's primary care provider. On July 27, 2016, Dr. Swink penned a letter that stated the following, Doc. 6-5 at 17:

> Richard L [sic] [F.] has suffered from many illnesses over the course of his time as my patient. Richard has a rotator cuff tear that has not been repaired and subsequent chronic distal fracture of the left clavicle that causes pain when raising left arm. Richard has DDD of lumbar spine that limits ability to stand for any period of time and makes it impossible to lift in any capacity. Richard is currently having issues with bladder cancer and in combination with treatment and disease this causes daily pain of all joints. Combined with his bipolar depression I do not believe Richard could work in any capacity at this time or in the future.

The ALJ ultimately concluded that this opinion was not entitled to controlling weight but was instead worthy of "very little weight." Doc. 6 at 80.  The ALJ supported his decision with the

3

following considerations: 1) Dr. Swink's opinion that Plaintiff was unable to work in any capacity at that time or in the future was an opinion reserved to the Commissioner; 2) some of Dr. Swink's statements were unsupported; and 3) some of Dr. Swink's statements were vague. *Id.*

Plaintiff argues that the ALJ erred in concluding that Dr. Swink could not opine on whether he was able to work in the future, because that opinion was solely within the Commissioner's ambit.[2] Plaintiff cites *Lambert v. Berryhill*, 896 F.3d 768 (7th Cir. 2018), for support. In that case, the Seventh Circuit noted that "[w]hether a claimant qualifies for benefits is a question of law, but a medical opinion that a claimant is unable to work is not an improper legal conclusion. Indeed, ALJs must consider medical opinions about a patient's ability to work full time because they are relevant to the RFC determination." *Id.* at 776 (citations omitted). *Lambert* clearly stands for the proposition that it was permissible for Dr. Swink to share his opinion that Plaintiff was unable work. And so, the ALJ's decision to give the opinion very little weight, in part, because of the incorrect conclusion that only the Commissioner can comment on whether an individual can or cannot work, constitutes a clear legal error.

Furthermore, a review of the ALJ's decision shows that Plaintiff's functional limitations are partially consistent with the objective medical evidence in the record, and it seems the ALJ's ultimate conclusion was something of a close call, with four of the six physician opinions stating that Plaintiff's impairments render him unable to work. Thus, the Court cannot say with great certainty that remanding the case for this one error would reach the same result. *See Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021). This is especially so as the ALJ did not expressly articulate how each of its proffered reasons weighed into his finding that Dr. Swink's opinion was worthy of "very little weight." Indeed, it may be that on remand the ALJ determines that Dr.

---

[2] Notably, the R&R did not address this argument.

4

Swink's opinion is worthy of moderate weight or perhaps even controlling weight, which may fundamentally change the outcomes of the proceedings in Plaintiff's favor. Accordingly, the ALJ's legal error under *Lambert* was not harmless, and remand is required.

Because remand is required for the foregoing reasons, the Court need not address Plaintiff's remaining grounds for remand. *See, e.g.*, *Clarence D. v. Kijakazi*, HKM-19-4665, 2022 WL 4132478, at *2 n.4 (N.D. Ill. Sept. 12, 2022). However, as district courts do so routinely, the Court offers the following non-binding observations that may provide helpful guidance on remand. *See, e.g.*, *Stacy A. v. Berryhill*, SRH-17-6581, 2019 WL 1746207, at *10 (N.D. Ill. Apr. 18, 2019).

First and foremost, the Court recognizes that Plaintiff has raised significant issues with the ALJ's Step Four analysis. And so, it may behoove the ALJ to revisit these other issues on remand. *See, e.g.*, *Melissa S. v. Saul*, APR-20-320, 2021 WL 1269099, at *4 (N.D. Ind. Mar. 16, 2021).

Second, in his assessment of Plaintiff's functional limitations, the ALJ extensively relied on state agency medical consultant opinions from late 2016 and early 2017. However, there is record evidence from several years later, in the form of PT Bayler and Dr. Johnson's reports, indicating that Plaintiff's functionality is greatly limited. The ALJ should consider whether these new reports and accompanying evidence would have altered the medical consultants' earlier opinions. *See Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018) ("An ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion."); *see also Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) (criticizing an ALJ's "uncritical acceptance" of opinions from non-examining physicians who had not reviewed "new and potentially decisive medical evidence").

Third and finally, the ALJ is reminded that he "may contact treating physicians for further information when the information already in the record is 'inadequate' to make a determination of

5

disability ....” *Skinner v. Astrue*, 478 F.3d 836, 843 (7th Cir. 2007); see also *Ridinger v. Astrue*, 589 F. Supp. 2d 995, 1008 (N.D. Ill. 2008) (“When an ambiguity in the evidence must be resolved in order for the ALJ to determine whether the claimant is disabled, the ALJ has a duty to re-contact the medical source for clarification.”) (citing *Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004)). Such follow-up may be helpful in this case. For example, the ALJ partially discounts PT Bayler's opinions as Bayler stated, they were "based on client's reports and/or test outcomes," without identifying which were subjective statements by the Plaintiff and which were objective tests results. As the ALJ noted, it is unclear as to what was actually tested and what was reported. It appears that such ambiguities can be easily remedied.

## IV.    CONCLUSION

For the reasons and to the extent stated herein, Richard F.'s Objection to Magistrate Judge Hawley's R&R is SUSTAINED. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this Order and Opinion. The Clerk is directed to enter judgment in favor of Plaintiff Richard F. and against Defendant Commissioner of Social Security.

Entered on this 5th day of August 2024.

*s/ James E. Shadid*  
JAMES E. SHADID  
UNITED STATES DISTRICT JUDGE